UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 16-6718 FMO (SSx)** | Date | **Sept. 28, 2016** |
|---|---|---|---|
| Title | **Michelle Lyn Crowe v. Wal-Mart Associates, Inc., et al.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff: | Attorney Present for Defendants: | |
| None Present | None Present | |

**Proceedings:** (In Chambers) Order Remanding Action

On May 6, 2016, Michelle Lyn Crowe ("plaintiff") filed a complaint in the Los Angeles County Superior Court against Wal-Mart Associates, Inc., Wal-Mart Stores, Inc., (collectively "Wal-Mart"), Bernard Beale, Chad Kubica, and Fernando Perez, (see Dkt. 1, Defendant Wal-Mart Stores, Inc. and Wal-Mart Associates Inc.'s Notice of Removal to Federal Court ("NOR") at ¶ 1 & Dkt. 1-2, Exhibit ("Exh.") A ("Complaint")), asserting various claims under California's Labor Code and Business & Professions Code. (See Dkt. 1-2, Complaint at ¶¶ 7-40). After plaintiff dismissed the individual defendants, Wal-Mart removed that action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332(a) and 1441. (See Dkt. 1, NOR at ¶ 13). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.[1] See id. Unless otherwise expressly

---

[1] For example, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 16-6718 FMO (SSx)** | Date | **Sept. 28, 2016** |
|---|---|---|---|
| Title | **Michelle Lyn Crowe v. Wal-Mart Associates, Inc., et al.** | | |

provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a); see Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013) (same). A removing defendant bears the burden of establishing that removal is proper. See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Protection, 537 U.S. at 33, 123 S.Ct. at 370. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and. . . the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) ("It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

The court's review of the NOR and the attached state court Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter. See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted). In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction.[2] See 28 U.S.C. § 1332(a).

There is no basis for subject matter jurisdiction because the amount in controversy does

---

Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014).

[2] Wal-Mart seeks only to invoke the court's diversity jurisdiction. (See Dkt. 1, NOR at ¶¶ 13-43).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 16-6718 FMO (SSx)** | Date | **Sept. 28, 2016** |
|---|---|---|---|
| Title | Michelle Lyn Crowe v. Wal-Mart Associates, Inc., et al. | | |

not appear to exceed the diversity jurisdiction threshold of $75,000. See 28 U.S.C. § 1332(a).[3] Defendants bear the burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold of $75,000. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnotes omitted). Here, the amount of damages plaintiff seeks cannot be determined from the Complaint, as the Complaint does not set forth a specific amount. (See, generally, Dkt. 1-2, Complaint at pp. 10-11 ("Prayer for Relief")).

With respect to plaintiff's unpaid overtime claim, Wal-Mart asserts that "[a]ssuming that Plaintiff was underpaid by one hour of overtime each day she worked, and assuming Plaintiff worked 5 days per week, the amount of unpaid overtime equals $21,539.10[.]" (See Dkt. 1, NOR at ¶ 29). However, Wal-Mart's assumptions are unreasonable as there is no basis in the Complaint or elsewhere in the record to support them. (See, generally, id. at ¶¶ 27-29; Dkt. 1-1, Declaration of Paloma Peracchio in Support of Defendants' Notice of Removal ("Peracchio Decl.") at ¶ 13). As an initial matter, Wal-Mart's assumptions are based entirely on the declaration of its counsel, (see Dkt. 1-1, Peracchio Decl.), which is not competent evidence with respect to plaintiff's employment. The declaration consists of a single paragraph regarding the overtime claim and is based on counsel's review of "documents received from Walmart" and her familiarity with Wal-Mart's "interpretation" of such documents based on her "representation of this client." (Id. at ¶ 13). Counsel, who is not an officer or employee of Wal-Mart, has neither the authority nor personal knowledge necessary to provide a declaration on behalf of Wal-Mart.[4] Even assuming the attorney had the requisite authority, there has been no showing that she has personal knowledge of the specific facts set forth in the declaration. See Casey v. Lewis, 4 F.3d 1516, 1527 (9th Cir. 1993) ("Conclusory [declarations] that do not affirmatively show personal knowledge of specific facts are insufficient."); AMCO Ins. Co. v. Madera Quality Nut LLC, 2006 WL 2091944, *5 (E.D. Cal. 2006) (stating that the "source of the [personal] knowledge must be disclosed" and that the

---

[3] In relevant part, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]"

[4] Given that a court may, in certain circumstances, allow targeted discovery to determine whether the court has jurisdiction (i.e., to assess whether the removal was proper), see, e.g., Hart v. FedEx Ground Package System Inc., 457 F.3d 675, 682 (7th Cir. 2006) ("[T]he plaintiffs have the right, through appropriate discovery, to explore the facts relevant to the court's jurisdiction as the case progresses."), it is generally not a good idea for counsel to submit a declaration that may subject him or her to discovery, including having his or her deposition taken by opposing counsel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 16-6718 FMO (SSx)** | Date | **Sept. 28, 2016** |
|---|---|---|---|
| Title | **Michelle Lyn Crowe v. Wal-Mart Associates, Inc., et al.** | | |

"burden is on the proponent to establish personal knowledge to the extent that a reasonable trier of fact could believe that the witness had personal knowledge about the fact"). Moreover, Peracchio's declaration neither attaches the records she reviewed nor attempts to establish that they are authentic. (See, generally, Dkt. 1-1, Peracchio Decl.); see Fed. R. Evid. 901 (requirements for authentication of evidence).

Further, Wal-Mart provides no evidence to support its assumptions that plaintiff was underpaid by one hour of overtime each work day, and that plaintiff worked five days per week. (See, generally, Dkt. 1, NOR at ¶ 29); see, e.g., Jimenez v. Menzies Aviation, Inc., 2013 WL 1411228, *3 (N.D. Cal. 2013) ("[T]he Court cannot credit Defendants' speculative damages estimate" where they "failed to provide evidence supporting their assertion" that plaintiff was entitled to one hour of overtime per day, five days a week); Willis v. Xerox Bus. Servs., LLC, 2013 WL 6053831, *5 (E.D. Cal. 2013) ("Defendants have not explained why it is proper to assume Plaintiff seeks 15 hours a week in overtime[.] . . . [T]his is insufficient."). Thus, the court will disregard this amount.

Finally, even accepting Wal-Mart's additional contentions regarding plaintiff's potential ability to collect for missed meal and rest periods, (see Dkt. 1, NOR at ¶¶ 30-33), failure to provide itemized wage statements (see id. at ¶¶ 34-36), and waiting time penalties (see id. at ¶¶ 37-38), coupled with its estimated $16,000 in attorney's fees incurred as of the date of removal (see id. at ¶¶ 39-43), such amounts are too insubstantial to meet the jurisdictional threshold absent the speculative damages estimate for unpaid overtime. See 28 U.S.C. § 1332(a).

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action, see Gaus, 980 F.2d at 566, the court is not persuaded under the circumstances here that Wal-Mart has met its burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. See Matheson, 319 F.3d at 1090 ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnotes omitted); Valdez, 372 F.3d at 1117 (defendant has the burden of "establishing that it is more likely than not that the amount in controversy exceeds [$75,000].") (internal quotation marks omitted).

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

**CONCLUSION**

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | **CV 16-6718 FMO (SSx)** | Date | **Sept. 28, 2016** |
|---|---|---|---|
| Title | **Michelle Lyn Crowe v. Wal-Mart Associates, Inc., et al.** | | |

California for the County of Los Angeles, 111 N. Hill St., Los Angeles, CA 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

    2.  The Clerk shall send a certified copy of this Order to the state court.

                                                                                                                       00    :    00

Initials of Preparer       vdr